

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,533-03

### EX PARTE RICHARD McDONALD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12F0409-005A IN THE 5TH DISTRICT COURT
### BOWIE COUNTY

RICHARDSON, J., filed an opinion concurring in part and dissenting in part, in which JOHNSON AND ALCALA, JJ., joined.

### CONCURRING AND DISSENTING OPINION

I agree with the Court's decision to grant Applicant relief. However, instead of remanding Applicant to the custody of the Sheriff of Bowie County to answer the allegations in the motion to proceed to adjudication, I would remand Applicant to the custody of the Sheriff of Bowie County to answer to the information charging Applicant with forgery. Therefore, respectfully, I concur in part and dissent in part.

On or about June 18, 2012, Applicant pled guilty pursuant "a package deal" to the offenses of forgery and assault. He received ten years deferred adjudication community supervision in both cases. Nine months later, the trial court held a hearing on the State's

motion to revoke community supervision and adjudicate. Applicant pled true to the violations and was convicted and sentenced to ten years for forgery and twelve years for assault.

Applicant filed an application for writ of habeas corpus on the assault case, asserting that his original plea to assault with serious bodily injury was involuntary because a critical term of the plea agreement, that he be convicted of a crime that does not exist under Texas law, is impossible to perform. This Court granted relief and remanded Applicant to the custody of the Sheriff of Bowie County to answer the charges as set out in the indictment in that case. *Ex Parte Richard McDonald*, No. WR-82,533-01, 2015 WL 1407315 *1 (Tex. Crim. App. 2015).

Applicant has now filed this application for writ of habeas corpus in the forgery case, asserting that his plea was involuntary because it was part of the same plea agreement. Today, this Court grants relief, but remands Applicant to the custody of the Sheriff of Bowie County to answer the allegations in the motion to proceed to adjudication. I concur in the decision to grant relief, but I think Applicant should be returned to answer to the original charge of forgery.

Applicant's allegations of involuntariness refer not only to his plea at the adjudication proceedings, but also to his *original* plea agreement. In Ground Four, Applicant claims that "[t]he assault was always used to outweigh or overshadow the forgery . . . When I agreed to

probation it was as if all terms and conditions were set for the assault and the forgery was just to 'run-concurrent.'" In Ground Five, Applicant asserts that "[t]he original agreement of one ten year term of probation for assault and forgery was all one 'plea bargain.' The guilty plea for the assault was found to be involuntary so does that not violate the terms of the 'plea-bargain' which also included the forgery? . . . The assault was always used to influence the plea bargain. Without it, everything would have been different."

If the prosecution does not live up to its part of the plea bargain *and such bargain was used as an inducement for the guilty plea*, doubt is raised as to whether a guilty plea under such circumstance is truly voluntary. *Ex parte Austin*, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988). The original plea bargain was a "package deal" that included both this forgery case and the assault case. *Ex parte Cox*, 482 S.W.3d 112, 114 (Tex. Crim. App. 2016). Applicant was granted relief in the assault case and was returned to answer to that charge. Because part of the plea bargain was not able to be fulfilled, the entire original plea bargain, which included the forgery case, is unenforceable. *Id.* Thus, the parties should be returned to their *original* positions. *Id.* Instead of returning Applicant to the point where he must answer to the motion to adjudicate, I would return him to the point where he must answer to the charge of forgery.

FILED:        June 22, 2016

PUBLISH